UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| AZELL B. MCGHEE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 3:12 CV 158 |
| | ) |
| TYSON FRESH MEATS (TYSON FOOD INC.), | ) |
| | ) |
| Defendant. | ) |

## OPINION and ORDER

This matter is before the court on defendant's motion to dismiss plaintiff's complaint. (DE # 14.) For the reasons that follow, the motion is denied.

I.   BACKGROUND

On March 26, 2012, *pro se* plaintiff Azell B. McGhee's sued defendant, Tyson Fresh Meats (Tyson Foods Inc.) for violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5, and the Age Discrimination in Employment Act, 29 U.S.C. § 621. (DE # 1.) Plaintiff, who worked for defendant as a janitor, alleges that defendant harassed him and discriminated against him because of his age (54) and because he is black. (*Id.*)

Defendant has moved to dismiss plaintiff's complaint pursuant to RULE 12(b)(6) of the FEDERAL RULES OF CIVIL PROCEDURE for failure to state a claim satisfying the pleading requirements set forth in FEDERAL RULE OF CIVIL PROCEDURE 8. (DE # 14.) Plaintiff did not respond, and the motion is now ripe for ruling.

## II.   LEGAL STANDARD

RULE 8 of the FEDERAL RULES OF CIVIL PROCEDURE sets forth the pleading standard for complaints filed in federal court; specifically, that rule requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8. "The RULE reflects a liberal notice pleading regime, which is intended to focus litigation on the merits of a claim rather than on technicalities that might keep plaintiffs out of court." *Brooks v. Ross,* 578 F.3d 574, 580 (7th Cir. 2009) (internal quotation marks omitted). To satisfy RULE 8(a), "the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

"While the federal pleading standard is quite forgiving, . . . the complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ray v. City of Chicago,* 629 F.3d 660, 662-63 (7th Cir. 2011); *Twombly,* 550 U.S. at 555, 570. A plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). To meet this standard, a complaint does not need detailed factual allegations, but it must go beyond providing "labels and conclusions" and "be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citing *Sanjuan v. Am. Bd. of Psychiatry & Neurology*, 40 F.3d 247, 251 (7th Cir. 1994) among other authorities). As the Seventh Circuit recently explained, a complaint must give "enough details about the subject-matter of the case to present a

story that holds together." *Swanson v. Citibank, N.A.,* 614 F.3d 400, 404 (7th Cir. 2010); *see also Sanjuan*, 40 F.3d at 251 (stating that the plaintiff does not need to plead facts that establish each element of a cause of action and that "[a]t this stage the plaintiff receives the benefit of imagination, so long as the hypotheses are consistent with the complaint"). When evaluating the sufficiency of a complaint, the court must construe it in the light most favorable to the non-moving party, accept well-pleaded facts as true, and draw all inferences in the non-movant's favor. *Reger Dev., LLC v. Nat'l City Bank,* 595 F.3d 759, 763 (7th Cir. 2010).

### III.   DISCUSSION

Defendant argues that plaintiff has failed to plead sufficient facts regarding his discrimination claim to satisfy RULE 8. The Seventh Circuit's opinion in *Swanson,* 614 F.3d 400, already discussed briefly, provides ample guidance for deciding defendant's motion on this point.

In *Swanson,* the Seventh Circuit held that the plaintiff's discrimination complaint satisfied RULE 8 because it identified the type of discrimination the plaintiff thought occurred (racial), by whom (a bank), and when (in connection with her efforts to obtain a home equity loan). *Id.* at 405. According to the Seventh Circuit, "[t]his was all that was needed to put in the complaint." *Id.* Under *Swanson,* a plaintiff alleging discrimination need only allege "how, in the plaintiff's mind at least, the dots should be connected" to comply with *Twombly* and *Iqbal*. *Id.* at 405.

In this case, plaintiff's allegations satisfy RULE 8. Plaintiff asserts that he was discriminated against on the basis of his race and age by his employer, defendant,

3

continuously during his employment, particularly by his supervisor Genie Powlen. (DE # 1 at 2-3.) Thus, plaintiff has identified the basis of the alleged harassment (plaintiff's race and age), the alleged perpetrators of the harassment (defendant, and in particular Genie Powlen), and when the alleged harassment occurred (continuously during plaintiff's employment with defendant). According to the Seventh Circuit, "[t]his was all that was needed to put in the complaint." *Swanson,* 614 F.3d at 405.

Plaintiff's allegations may present a very weak claim of discrimination, but giving plaintiff the benefit of imagination while keeping consistent with the complaint, *Sanjuan* 40 F.3d at 251, plaintiff has given enough details about the subject-matter of the case to present a story that holds together, *Swanson,* 614 F.3d at 404, and to allow the court to draw the reasonable inference that defendant is liable for the alleged conduct. *Iqbal,* 129 S. Ct. at 1949. Further, plaintiff's allegations give the defendant fair notice of what the claim is and the grounds upon which it rests. *Erickson*, 551 U.S. at 93. Accordingly, the complaint satisfies RULE 8 as interpreted by the Seventh Circuit in *Swanson*.

## IV. CONCLUSION

For the foregoing reasons, defendant's motion to dismiss (DE # 14) is **DENIED**.

**SO ORDERED.**

Date: January 30, 2014

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT